IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE EDWARD FOSTER, # 247405, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:17cv538-MHT-SMD |
| ) | (WO) |
| CHRISTOPHER GORDY, *et al.,* ) | |
| ) | |
| Respondents. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Willie Edward Foster ("Foster") on August 2, 2017.[1] (Doc. 1).[2] Foster challenges his 2006 Autauga County conviction for first-degree rape and his resulting 50-year sentence. He presents claims that (1) his trial counsel rendered ineffective assistance by (a) stipulating to the results of the DNA testing, (b) declining to cross-examine a sexual assault nurse examiner, and (c) declining to make a closing argument; (2) he was without benefit of counsel for several months after new

---

[1] Foster's petition was date-stamped received by this court on August 9, 2017. Foster represents that he submitted the petition on August 2, 2017. Applying the prison mailbox rule, and no evidence to the contrary, the court deems the petition to be filed on August 2, 2017. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] References to document numbers (Doc(s).) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

counsel was appointed to represent him on appeal, which resulted in his filing an untimely motion for new trial that failed to preserve certain claims for appeal; and (3) his appointed counsel was ineffective during his first Rule 32 proceeding because she did not timely file the Rule 32 petition. (Doc. 1) at 8–24.

Respondents answer that Foster's § 2244 petition is time-barred under the one-year federal limitation period, 28 U.S.C. § 2244(d), and that his claims are therefore not subject to review. (Doc. 7) at 8–9. This court agrees that the § 2254 petition is untimely and finds that Foster has established no basis for equitable tolling. Consequently, the court concludes that the § 2254 petition should be denied without an evidentiary hearing and that this case should be dismissed with prejudice.

## II.  DISCUSSION

### A.  AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

>    been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.   Foster's State Court Proceedings**

   *1.   Trial and Direct Appeal*

On August 24, 2005, an Autauga County jury found Foster guilty of first-degree rape, in violation of § 13A-6-61, Ala. Code 1975. (Doc. 7-1) at 189. Trial counsel Robert L. Bowers withdrew following trial because Foster filed a complaint against him with the Alabama State Bar Association. (Doc. 7-1) at 33–35. Attorney Wayne Perdue was appointed to represent Foster at sentencing, which was held on April 25, 2006. (Doc. 7-1) at 191–97.

The trial court sentenced Foster to 50 years in prison. At the conclusion of the sentencing hearing, Perdue gave oral notice of appeal and then withdrew as Foster's counsel. (Doc. 7-1) at 6, 191–97. The trial court then appointed attorney Kimberly Kervin to represent Foster on appeal. (Doc. 7-1) at 6, 197.

On July 5, 2006, Kervin filed a motion for new trial and a written notice of appeal. (Doc. 7-1) at 42–45. On July 10, 2006, in an order setting the due date for the appellate transcript, the Alabama Court of Criminal Appeals stated that because the motion for new

3

trial was filed outside the 30-day period required in Rule 24.1(b) of the Alabama Rules of Criminal Procedure, the trial court did not have jurisdiction to rule on the motion.[3]  (Doc. 7-1) at 50.

On appeal, through a brief prepared and filed by Kervin, Foster raised claims that (1) the trial court erred when it denied his motion for judgment of acquittal, because the State failed to prove forcible compulsion; and (2) trial counsel rendered ineffective assistance by failing to call witnesses—including Foster—to testify on Foster's behalf. (Doc. 7-2) at 13–16.

In a memorandum opinion issued on March 16, 2007, the Alabama Court of Criminal Appeals affirmed Foster's conviction after finding that his claims were not preserved for appellate review because they were first raised in his untimely motion for new trial.  (Doc. 7-4) at 3–6.  The Alabama Court of Criminal Appeals held that even if Foster's claims were preserved for appellate review, they entitled Foster to no relief because they lacked merit.  (Doc. 7-4) at 4–6.

Foster did not seek rehearing of the Alabama Court of Criminal Appeals' decision, and he did not file a petition for writ of certiorari in the Alabama Supreme Court.  On April 4, 2007, the Alabama Court of Criminal Appeals issued a certificate of judgment.  (Doc. 7-5).

From exhibits in the record, it appears that on March 20, 2007, four days after the Alabama Court of Criminal Appeals issued its memorandum opinion affirming Foster's

---

[3] Rule 24.1(b) provides that "a motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced."  Ala.R.Crim.P. 24.1(b).

4

conviction, Kervin sent a letter to Foster through the Louisiana prison system, where Foster was incarcerated during the initial part of his prison term, informing Foster that if he wished to pursue his appeal further, an application for rehearing needed to be filed with the appellate court by March 30, 2007.  (Doc. 1-7) at 1.  When Kervin received no response from Foster, she did not pursue rehearing or certiorari review.  (*Id.*).  Presumably Foster did not receive Kervin's March 20, 2007 letter because he was transferred to a new prison facility, in Harvest, Alabama, during that same time.  (*Id.*)

### 2.  *Foster's First Rule 32 Petition*

It appears that neither Foster nor Kervin was aware of Foster's failure to receive Kervin's March 20, 2007 letter until over two years later, when, on June 17, 2009, Foster wrote to Kervin to inquire about the status of his appeal. (Doc. 1-7) at 1.  Kervin wrote to Foster in response on June 26, 2009, informing him of the decision of the Alabama Court of Criminal Appeals and providing him with copies of her correspondence sent to his previous prison address.  (*Id.*)  With Foster's approval, Kervin prepared a Rule 32 petition on Foster's behalf requesting permission to file an out-of-time application for rehearing with the Alabama Court of Criminal Appeals and/or a petition for writ of certiorari with the Alabama Supreme Court.  (*Id.*)  Kervin forwarded the Rule 32 petition she prepared to Foster on October 26, 2009, for his review and signature.  (*Id.*); (Doc. 1-6) at 1.  Foster received the petition shortly thereafter, as evidenced by his signed verification dated October 28, 2009. (Doc. 7-7) at 9.

After Foster returned the Rule 32 petition to her, Kervin took it to the circuit court "and left it for filing."  (Doc. 1-7) at 2.  Apparently, Kervin submitted the petition without

5

a filing fee or a request to allow Foster to proceed *in forma pauperis*, as it was not filed by the circuit court clerk when Kervin left it with the court.

Approximately two years later, on November 3, 2011, presumably after an inquiry by Foster, Kervin informed Foster that she had learned the circuit court did not file his Rule 32 petition, because it was submitted without a filing fee or a request to proceed *in forma pauperis*. (Doc. 7-8) at 1. Kervin then sent Foster the proper paperwork to request indigency status. (Doc. 7-8) at 1.

Foster's *in forma pauperis* request was initially submitted without a prison account statement (Doc. 7-9), but this deficiency was later corrected, and Foster was granted indigency status on February 14, 2012 (Doc. 7-10). The State sought dismissal of Foster's Rule 32 petition on grounds that it was time-barred. (Doc. 7-11). On March 9, 2012, the trial court granted the State's motion to dismiss the Rule 32 petition. (Doc. 7-12). Foster did not appeal this ruling.

### 3.  *Foster's Second Rule 32 Petition*

On November 19, 2015, Foster, proceeding *pro se*, filed a second Rule 32 petition. (Doc. 7-13) at 5–24. In the petition, Foster alleged that his trial counsel rendered ineffective assistance by (1) failing to move for discovery; (2) stipulating to the results of DNA testing; (3) failing to cross-examine a witness from the women's crisis center where the victim's sexual assault examination was done; and (4) failing to conduct a closing argument. (Doc. 7-13) at 16–23.

The State moved to dismiss Foster's petition on grounds it was time-barred and that his ineffective assistance of counsel claims were not cognizable in a second Rule 32

petition. (Doc. 7-13) at 34. The State further argued that Foster had waived review of any jurisdictional claims or challenges to the legality of his sentence by presenting no argument to support those claims. (Doc. 7-13) at 34–35.

The trial court granted Foster an evidentiary hearing on the Rule 32 petition and appointed Kervin to represent him at the hearing. (Doc. 7-13) at 37, 49. Following the hearing, which was held on April 5, 2016, the trial court entered a written order denying the Rule 32 petition. (Doc. 7-13) at 37, 49. Foster appealed and requested that Kervin be dismissed as his counsel. (Doc. 7-13) at 55, 71–75. This request was granted by the Alabama Court of Criminal Appeals, and Foster proceeded *pro se* on appeal. (Doc. 7-14).

On appeal, Foster reiterated the claims he presented in his Rule 32 petition and also claimed that (1) Kervin rendered ineffective assistance of counsel during the Rule 32 evidentiary hearing and (2) he was denied due process during the evidentiary hearing because "the court, the prosecutor[,] and counsel fail[ed] to address the merits of the issues raised by Foster, misconstruing and misstating the facts of the case." (Doc. 7-16) at 7–30.

In a memorandum opinion issued on October 21, 2016, the Alabama Court of Criminal Appeals affirmed the trial court's judgment, holding that Foster's ineffective assistance of trial counsel claims were time-barred, successive, and precluded. (Doc. 7-19) at 3. The Alabama Court of Criminal Appeals further held that Foster's claim that Kervin rendered ineffective assistance of counsel during the Rule 32 hearing was meritless because "there is no right to counsel in a Rule 32 proceeding, and thus no right to effective assistance of counsel in a Rule 32 proceeding." (Doc. 7-19) at 3. Lastly, the Alabama

Court of Criminal Appeals held that Foster failed to support his claim he was denied due process during the Rule 32 evidentiary hearing. (Doc. 7-19) at 4.

Foster applied for rehearing, which was denied by the Alabama Court of Criminal Appeals. (Doc. 7-14) at 2; (Doc. 7-20). He then filed a petition for writ of certiorari in the Alabama Supreme Court, which that court denied on July 7, 2017. (Doc. 7-21); (Doc. 7-14) at 2.

### C. Analysis of Timeliness of Foster's § 2254 Petition

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period for filing a § 2254 petition runs from the date on which the state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). As indicated above, the Alabama Court of Criminal Appeals affirmed Foster's conviction on direct appeal in a memorandum opinion issued on March 16, 2007. Foster did not apply for rehearing with that court or seek certiorari review in the Alabama Supreme Court. The Alabama Court of Criminal Appeals issued its certificate of judgment in the direct review proceedings on April 4, 2007; therefore, Foster's conviction became final on that date. *Brown v. Hooks*, 176 F. App'x 949, 951 (11th Cir. 2006) ("On March 23, 2001, the Alabama Court of Criminal Appeals affirmed his conviction. Brown did not petition for certiorari review in the Alabama Supreme Court, and his conviction became final on April 10, 2001, when the Certificate of Judgment issued."); *see also* Ala.R.Crim.P. 41(a) ("The certificate of judgment of the court shall issue 18 days after the entry of judgment" unless a timely application for rehearing is filed.). Therefore, AEDPA's one-year limitation period for Foster to file a § 2254 petition began

8

to run on April 4, 2007. *See Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006). Absent some tolling event, statutory or equitable, the federal limitation period expired on April 4, 2008.

### *1. Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that AEDPA's one-year limitation period shall be tolled during the pendency of state court proceedings on a properly filed post-conviction petition for collateral review. Foster, however, cannot obtain the benefit of tolling under § 2244(d)(2), because even using the earliest date on which his first Alabama Rule 32 petition could arguably be deemed as having been filed, October 28, 2009 (the date on which Foster verified that he signed the petition and returned it to Kervin for filing), the filing date for that Rule 32 petition was after AEDPA's limitation period had expired by running unabated from April 4, 2007, through April 4, 2008.[4] Because a Rule 32

---

[4] Arguably, § 2244(d)(2) tolling based on Foster's first Rule 32 petition is also foreclosed because that petition was filed after expiration of the one-year limitation period in Ala.R.Crim.P. 32.2(c). A Rule 32 petition filed after expiration of the state limitation period is not a "properly filed" state post-conviction petition for tolling purposes under § 2244(d)(2). *Turner v. Boyd*, 2010 WL 3724359, at *9 (M.D. Ala.), report and recommendation adopted, 2010 WL 3724030 (M.D. Ala. 2010); *Lightfoot v. Carter*, 2018 WL 3800250, at *4 (N.D. Ala.), report and recommendation adopted sub nom. *Lightfoot v. Cater*, 2018 WL 3795236 (N.D. Ala. 2018). *See Pace v. DiGuglielmo*, 544 U.S. 408, 414–17 (2005). It is also arguable that Foster's first Rule 32 petition should not be considered as having been filed, at least not "properly filed," until it was either submitted with the filing fee or a proper application to proceed *in forma pauperis. See Kimber v. Jones*, 2013 WL 1346742, *3–5 (N.D. Ala. 2013); *Phillips v. Culliver*, 2009 WL 3414280, *4 (S.D. Ala. 2009); *Bailey v. Barrow*, 2005 WL 2397813, *3-4 (S.D. Ga. 2005); *Chilton v. Kelly*, 2012 WL 5423839, *2 (E.D. Va. 2012). It appears that the deficiencies in Foster's application to proceed *in forma pauperis* were not corrected until February 2012. (Doc. 7-10). It is not necessary for this court to resolve these issues, however, because, as noted, even if Foster's first Rule 32 petition is deemed to have been properly filed as early as October 28, 2009, AEDPA's one-year limitation period had already expired by that date.
.

petition does not toll the federal limitation period if that period has expired prior to filing the Rule 32 petition, Foster's first Rule 32 petition—even if it is deemed as having been filed as early as October 28, 2009—had no tolling effect under § 2244(d)(2).  *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired."); *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll.").  The same is true for Foster's second Rule 32 petition, which was filed in November 2015, well after AEDPA's limitation period had expired.

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) to (D) do not provide safe harbor for Foster by affording a different triggering date such that AEDPA's limitation period commenced on some date later than April 4, 2007, or expired on some date later than April 4, 2008.  There is no evidence that an unlawful state action impeded Foster from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Foster submits no ground for relief with a factual predicate not discoverable earlier with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(D).  Foster also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C).

For the reasons discussed above, the court finds that Foster filed his § 2254 petition well after AEDPA's one-year limitation period expired.

## 2. *Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). "[E]quitable tolling is an extraordinary remedy [that] is limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (quotation marks omitted).

Arguing for equitable tolling in his case, Foster maintains that the untimeliness of his § 2254 petition is attributable to Kervin's failure to file a timely motion for new trial with the trial court after her April 2006 appointment to represent Foster on direct appeal and Kervin's later failure to properly file a Rule 32 petition on Foster's behalf in October 2009, when Kervin submitted Foster's first Rule 32 petition to the circuit court clerk without a filing fee or a request to allow Foster to proceed *in forma pauperis*, which led to a lengthy delay in the petition being considered by the trial court. (Doc. 11) at 11–16. However, the untimely filing of Foster's motion for new trial occurred over eight months before Foster's conviction became final (which commenced the running of AEDPA's one-year limitation period) and could have played no part in the later untimely filing of Foster's

11

§ 2254 petition. Further, when Kervin submitted Foster's first Rule 32 petition to the circuit court clerk in October 2009, AEDPA's limitation period had already expired (in April 2008). Thus, Kervin's failure to submit the Rule 32 petition without a filing fee or a request to allow Foster to proceed *in forma pauperis* was not the cause of the later untimely filing of Foster's § 2254 petition.[5] For a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged "extraordinary circumstance" and the untimely filing of the habeas petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999); *see Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005). Because Foster demonstrates no causal connection between the circumstances he points to and his filing of a time-barred § 2254 petition in this court, he is not entitled to equitable tolling on the grounds he asserts.

Assuming arguendo that the alleged "extraordinary circumstance" underlying the untimely filing of Foster's § 2254 petition is Foster's failure to receive timely notice of the outcome of his direct appeal, Foster nevertheless fails to show that he exercised the required reasonable diligence to warrant equitable tolling. In Foster's case, AEDPA's limitation period expired on April 4, 2008, one year after the Alabama Court of Criminal Appeals issued its certificate of judgment on direct appeal. Foster did not receive Kervin's

---

[5] Even assuming Kervin is blameworthy for submitting the Rule 32 petition without a filing fee or a request to allow Foster to proceed *in forma pauperis*, her failure to do so amounts to no more than "garden variety or excusable neglect," which does not constitute an "extraordinary circumstance" for purposes of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 651–52 (2010). In any event, as stated above, Kervin's failure to submit the Rule 32 petition without a filing fee or a request to allow Foster to proceed *in forma pauperis* was not the cause of Foster's § 2254 petition being filed after the expiration of AEDPA's limitation period.

March 20, 2007 letter informing him that the Alabama Court of Criminal Appeals had affirmed his conviction and explaining the deadlines for applying for rehearing because Foster had been transferred to a prison facility different from the one where Kervin sent her letter. Kervin was unaware that Foster had not received her letter and thus assumed that Foster's failure to respond to the letter indicated he did not wish to pursue his appeal further. Foster contends that it was not until approximately June 17, 2009, when he wrote to Kervin to inquire about the status of his appeal, that he learned that his conviction was affirmed by the Alabama Court of Criminal Appeals in its March 2007 memorandum opinion. Under the circumstances, this court does not consider Foster to have demonstrated reasonable diligence in keeping apprised of the outcome of his direct appeal—which ultimately led to the untimeliness of his § 2254 petition. Foster does not claim that he contacted Kervin to inform her of his transfer to a different prison facility during the pendency of his direct appeal. Nor does Foster indicate that he made any attempt to keep the state courts apprised of his address when he was transferred. Foster also recounts no earlier efforts on his part—i.e., before his June 2009 correspondence with Kervin—to contact Kervin or the clerk of the state appellate court to ascertain the status of his appeal. Thus, for well over two years, during which time AEDPA's limitation period ran in its entirety, Foster made no apparent attempt to learn the status of his direct appeal. His deficiency in keeping apprised of the status of his direct appeal is enough to show that he

13

fails to satisfy the reasonable diligence requirement for equitable tolling.[6] *See San Martin*, 633 F.3d at 1269–70; *Ilarion v. Crosby*, 179 F. App'x 653, 654–55 (11th Cir. 2006).

### *3. Jurisdictional Claim*

Foster argues that his § 2254 claim that he was "without benefit of counsel" for several months after Kervin was appointed to represent him on appeal implicates the state courts' jurisdiction and that this "jurisdictional claim" is not subject to AEDPA's limitation period. (Doc. 11 at 11–19). However, there is no exception to AEDPA's limitation period for claims alleging lack of jurisdiction by the state court. *See, e.g., Pope v. Butler*, 2012 WL 4479263, at *1 (N.D. Ala. 2012), quoting *Brown v. Patterson*, 2012 WL 3264896, *3 (M.D. Ala. 2012) ("While Pope argues that his claim challenging the validity of his conviction and sentence presents a 'jurisdictional' claim that is not governed by the one-year limitations period of § 2244(d)(1), 'neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law.'"); *see also Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala. 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Nettles v. Secretary, Dep't of Corr.*, 2012 WL 1309360, *2 (M.D. Fla.

---

[6] Arguably Foster also fails to show that he exercised reasonable diligence in keeping apprised of the status of his first Rule 32 petition, as he points to no efforts on his part to inquire into the petition's status during the more than two years that passed after Kervin submitted the petition to the circuit court clerk (around October 2009) and his inquiry of Kervin (in November 2011) about the petition's status. However, the question of whether Foster demonstrated reasonable diligence in staying apprised of the Rule 32 petition's status is immaterial to the outcome of this case, because his failure to demonstrate reasonable diligence in staying apprised of the status of his direct appeal forecloses the application of equitable tolling. This court notes that Foster also does not explain his delay of over three years between the trial court's March 2012 denial of his first Rule 32 petition and his filing of his second Rule 32 petition on November 19, 2015.

14

2012); *Ahmed v. Hooks*, 2007 WL 128787, *1 (S.D. Ala. 2007); *Jenkins v. Turner*, 2018 WL 4301313, at *5 (S.D. Ohio 2018) (claim of structural error is subject to AEDPA's statute of limitations).

Foster's § 2254 petition is subject to AEDPA's one-year imitation period. Because Foster failed to file his § 2254 petition within the one-year federal limitation petition and he demonstrates no basis for equitable tolling, his petition is time-barred and his claims are subject to no further review by this court.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before November 13, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 30th day of October, 2019.

    /s/ Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE